HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| L. S.,<br><br>                    Plaintiff,<br><br>          v.<br><br>TACOMA SCHOOL DISTRICT,<br><br>                    Defendant. | CASE NO. C13-5240 RBL<br><br>ORDER DENYING MOTION TO<br>EXCLUDE<br>(DKT. #27) |

THIS MATTER is before the Court on Tacoma School District's motion to exclude Dr. Gibert Kliman as an expert witness (Dkt. #27).  The deadline to disclose expert witnesses was October 30, 2013.  Both the School District and Plaintiff disclosed their primary experts and the accompanying reports on that date.  The School District named Dr. Jill McGovern, a psychologist, as its expert, and Plaintiff named Dr. Patricia Weiss as her damages expert. Plaintiff disclosed Dr. Kliman as a rebuttal expert about a month later.

The deadline for disclosing rebuttal experts was December 2nd.  Plaintiff mailed the disclosure to the School District on November 27th, but the School District did not receive it until December 3rd.  Dr. Kliman had not had the chance to personally interview Plaintiff before

he was disclosed as an expert.  Accordingly, his initial report just stated that he agreed with Dr. Weiss.

The School District was scheduled to depose Dr. Kliman in San Francisco on January 6, 2014.  On January 3rd, a Friday, the School District's counsel was told that Dr. Kliman's deposition fee was $7,000 and had to be paid before the deposition.  The School District's counsel decided that it was not worth the expense to depose Dr. Kliman considering the limited scope of his testimony according to his report.  The School District's counsel informed Plaintiff's counsel of its decision by email that afternoon.  A couple of hours later, Plaintiff's counsel called the School District to clarify that Dr. Kliman's deposition fee was really $3,750 and could be paid after the deposition.  The School District stood by its decision to cancel the deposition.

On January 7th, Plaintiff provided the School District with a supplemental report that Dr. Kliman completed after interviewing Plaintiff in mid-December.  Dr. Kliman's supplemental report is much more substantive than his initial report.  The School District filed this motion just over a week later.  The School District argues that Dr. Kliman should not be allowed to testify because Plaintiff's did not timely disclose him as an expert, because his initial report did not contain all of the required information, and because his testimony would be cumulative of Dr. Weiss's testimony.  The School District concedes that Dr. Kliman's supplemental report cured the alleged deficiencies.  Also, in her response brief, Plaintiff informed the School District and the Court that Dr. Weiss is no longer available for trial and Dr. Kliman will be her only damages expert.  Thus, only the timeliness of Plaintiff's disclosure of Dr. Kliman remains as a potential basis for the sanctions that the School District requests.

A party that fails to make or supplement disclosures required by Fed. R. Civ. P. 26(a) cannot use the information or witness that should have been disclosed at trial unless the failure was substantially justified or harmless.  Fed. R. Civ. P. 37(c).  Even if a party does not comply with Rule 26(a), a court must determine whether exclusion is a proper sanction by considering: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions.  *Wendt v. Host Int'l., Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

Although Plaintiff initially intended to use Dr. Kliman only as a rebuttal expert, she now intends to use him as her sole damage expert due to Dr. Weiss's unavailability.  Plaintiff did disclose Dr. Kliman before the deadline to disclose rebuttal experts, but she apparently now plans to use Dr. Kliman as her primary damages expert.  Because Dr. Kliman is no longer a rebuttal expert, Plaintiff's disclosure of him was untimely.

But Plaintiff's fault does not warrant sanctions, especially excluding Dr. Kliman from testifying at trial.  Plaintiff's late disclosure is justified by Dr. Weiss's unavailability.  The prejudice that the School District has suffered is slight and can be remedied by giving its counsel an opportunity to depose Dr. Kliman before trial.  The conclusion that the School District will not be prejudiced is bolstered by the fact that this case will not go to trial on its scheduled trial date; the Court's schedule precludes this case from going to trial as scheduled.  The clerk's office will inform counsel as soon as practicable of the new trial date.

## CONCLUSION

The School District's motion to exclude Dr. Kliman (Dkt. 27) is **DENIED**.  To prevent the School District from being prejudiced, Plaintiffs must ensure that Dr. Kliman will be made available to be deposed before trial.

Dated this 20th day of March, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE